**Case No. 17-71692**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: UNITED STATES OF AMERICA

---

UNITED STATES OF AMERICA, *et al.*,
Petitioners,

v.

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF OREGON
Respondent,
and
KELSEY CASCADIA ROSE JULIANA, *et al.*,
Real Parties in Interest

---

On Petition For Writ of Mandamus In Case No. 6:15-cv-01517-TC-AA (D. Or.)

---

# RESPONSE BRIEF OF REAL PARTIES IN INTEREST TO REQUEST
# FOR STAY OF PROCEEDINGS IN DISTRICT COURT

---

Julia A. Olson
(OSB No. 062230, CSB No. 192642)
**WILD EARTH ADVOCATES**
1216 Lincoln St.
Eugene, OR 97401
Telephone: (415) 786-4825

Philip L. Gregory (CSB No. 95217)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000

Daniel M. Galpern (OSB No. 061950)
**LAW OFFICES OF D. GALPERN**
2495 Hilyard Street, Suite A
Eugene, OR 97405
Telephone: (541) 968-7164

*Attorneys for Real Parties in Interest*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Real Parties in Interest Earth Guardians states that it does not have a parent corporation and that no publicly-held companies hold 10% or more of its stock.

# **TABLE OF CONTENTS**

**Page**

CORPORATE DISCLOSURE STATEMENT.......................................................i

TABLE OF CONTENTS ............................................................................. ii

TABLE OF AUTHORITIES ........................................................................iv

STATUTORY PROVISIONS.......................................................................1

STATEMENT OF THE ISSUES....................................................................1

STATEMENT OF THE RELEVANT FACTS ...............................................1

SUMMARY OF ARGUMENT .....................................................................1

ARGUMENT .............................................................................................5

    I.     DEFENDANTS ARE NOT LIKELY TO SUCCEED ON
         THE MERITS OF THE PETITION ................................................6

         A.    The District Court Committed No Clear Error
              Rejecting Defendants' Motion to Dismiss................................7

         B.    Defendants Have Other Means to Obtain Relief
              from Discovery and Will Not Be Damaged In Any
              Way Not Correctable On Appeal ............................................9

         C.    That This Case Involves the Application of Novel
              Facts to Established Principles of Law Does Not
              Warrant Mandamus ...............................................................12

         D.    Defendants' Inflammatory Allegations of Intent to
              Usurp Congressional and Executive Power Do Not
              Warrant Mandamus .............................................................13

II.    DEFENDANTS HAVE NOT SHOWN IRREPARABLE INJURY ......................................................................15

III.   PLAINTIFFS WILL SUFFER SUBSTANTIAL INJURY BY A STAY ...........................................................17

IV.   THE PUBLIC INTEREST COUNSELS DENYING THE STAY ...................................................................19

CONCLUSION.............................................................................20

STATEMENT OF RELATED CASES..........................................22

CERTIFICATE OF COMPLIANCE ...........................................23

ADDENDUM ........................................................................... A-1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>CASES</u>

*Amoco Prod. Co. v. Vill. of Gambell*,
  480 U.S. 531 (1987) ...............................................................................19

*Ariz. Dream Act Coal. v. Brewer*,
  757 F.3d 1053 (9th Cir. 2014) ...............................................................19

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,
  634 F.Supp.2d 1081 (E.D. Cal. 2008) .....................................................2

*Bauman v. United States*,
  557 F.2d 650 (9th Cir. 1977) ..................................................................13

*Bradberry v. T-Mobile USA, Inc.*,
  No. C 06-6567 CW, 2007 WL 22210764 (N.D. Cal., Aug. 2, 2007) .................19

*Brown v. Plata*,
  563 U.S. 493 (2011) ...............................................................................14

*Castaneda v. Molinar*,
  No. CV 07-07241 DDP (JCx), 2008 WL 9449576 (C.D. Cal. May 20, 2008)
  ........................................................................................ …16, 20

*Cheney v. U.S. Dist. Ct. for Dist. Of Columbia*,
  124 U.S. 367 (2004) ........................................................... 6, 7, 9

*Christensen v. U.S. Dist. Court*,
  844 F.2d 694 (9th Cir. 1988) ....................................................................8

*Cohens v. Virginia*,
  19 U.S. (6 Wheat.) 264 (1821) ...............................................................13

*Credit Suisse v. U.S. Dist. Court for the Cent. Dist. Of Cal.*,
  130 F.3d 1342 (9th Cir. 1997) ................................................................10

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
498 F.3d 1059 (9th Cir. 2007).................................................................6

*DKS Inc. v. Corp. Bus. Sols., Inc.*,
No. 2:15-cv-00132-MCE-DAD, 2015 WL 6951281 (E.D. Cal. Nov. 10, 2015)
...................................................................................................9, 16

*E.E.O.C. v. Recruit U.S.A., Inc.*,
939 F.2d 746 (9th Cir. 1991)..........................................................16, 19

*Firestone Tire & Rubber Co. v. Risjord*,
449 U. S. 368 (1981) ........................................................................7

*Goldie's Bookstore, Inc. v. Superior Court of Cal.*,
739 F.2d 466 (9th Cir. 1984) ...........................................................19

*Guifu Li v. A Perfect Franchise, Inc.*,
No. 5:10–CV–01189–LHK, 2011 WL 2293221 (N.D. Cal. 2011).....................16

*Guy v. County of Hawaii*,
No. 14-00400 SOM/KSC, 2014 WL 4702289 (D. Haw. Sept. 19, 2004) ...........17

*Hannah v. U.S.*,
260 F.2d 723 (D.C. Cir. 1958) .............................................................2

*In re Bundy*,
840 F.3d 1034 (9th Cir. 2016)...............................................................8

*In re Cement Antitrust Litig.*,
688 F.2d 1297 (9th Cir. 1982)............................................................14

*LaBuy v. Howes Leather Co.*,
352 U.S. 249 (1957) .........................................................................14

*Lam v. City of San Francisco*,
No. 10-cv-4641-PJH (N.D. Cal. July 22, 2015)......................................16

v

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Landis v. N. Amer. Co.*,
  299 U.S. 248 (1936) ......................................................................6, 15

*Leiva-Perez v. Holder*,
  640 F.3d 967 (9th Cir. 2011) .................................................. 6, 15, 19

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*,
  634 F.2d 1197 (9th Cir. 1980) ...............................................17

*Marbury v. Madison*,
  5 (U.S. 1 Cranch) 137 (1803) ................................................20

*McLish v. Roff*,
  141 U. S. 661 (1891) ..............................................................7

*Medhekar v. U.S. Dist. Court for the N. Dist. Of Cal.*,
  99 F.3d 325 (9th Cir. 1996) ...................................................10

*Microsoft Corp. v. Baker*,
  582 U.S. __ (2017) (slip op., at 11-12) .................................7

*Nken v. Holder*,
  556 U.S. 418 (2009) .......................................... 5, 6, 15, 17

*Pagtalunan v. Galaza*,
  291 F.3d 639 (9th Cir. 2002) .................................................19

*Paschal v. Kansas City Star Co.*,
  605 F.2d 403 (8th Cir. 1979) ................................................2

*Perry v. Schwarzenegger*,
  599 F.3d 1147 (9th Cir. 2009) .................................. passim

*Plata v. Schwarzenegger*,
  560 F.3d 976 (9th Cir. 2009) ................................................13

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Preminger v. Principi*,
    422 F.3d 815 (9th Cir. 2005) ........................................................ 19-20

*Rodriguez v. Robbins*,
    715 F.3d 1127 (9th Cir. 2013) ............................................................19

*S. Cal. Theatre Owners Ass'n v. U.S. Dist Court for Cent. Dist. Of Cal.*,
    430 F.2d 955 (9th Cir. 1970) ........................................................ 9-10

*Sample v. Brookdale Senior Living Cmtys., Inc.*,
    No. C11-5844 RJB, 2012 WL 195175 (W.D. Wash. Jan. 23, 2012)...................16

*Sampson v. Murray*,
    415 U.S. 61 (1974) ............................................................................16

*Vayeghan v. Kelly*,
    No. cv 17-0702, 2017 WL 396531 (C.D. Cal. Jan. 29, 2017) ...........................20

*Will v. United States*,
    389 U.S. 90 (1967) ..............................................................................8

### STATUTES

28 U.S.C. § 1291 ......................................................................................7

### RULES

Federal Rule of Appellate Procedure 8 ................................................ 5, 15, 17, 19

Federal Rule of Appellate Procedure 26.1 ............................................................ i

Circuit Rule 28-2.7 ....................................................................................1

Rule of Civil Procedure 26 ..................................................................9, 16

vii

## STATUTORY PROVISIONS

In accord with Ninth Circuit Rule 28-2.7, pertinent statutes, regulation, and local rules are included in the Addendum to this Brief beginning on Page A-1.

## STATEMENT OF THE ISSUES

Whether this Court should stay all proceedings in the District Court absent any evidence of irreparable harm to Petitioners ("Defendants").

## STATEMENT OF THE RELEVANT FACTS

After thorough and reasoned review and analyses, two senior and respected judges rejected the merits of Defendants' Motion to Dismiss four times. *See* Dkt. 68; Dkt. 83 ("November 10 Order"); Dkt. 146; Dkt. 172. Defendants then sought a premature appeal of the November 10 Order, also arguing for a stay of proceedings pending interlocutory review. After exhaustive consideration of Defendants' requests, the District Court twice rejected Defendants' motions for early appellate review and for a stay. *See* Dkt. 146; Dkt. 172. Defendants' two-page Request for Stay of Proceedings merely restates, in unsubstantiated and conclusory terms, Defendants' deficient and twice-rejected arguments.

## SUMMARY OF ARGUMENT

Real Parties In Interest ("Plaintiffs") respectfully request this Court deny Defendants' Request for Stay of Proceedings in the District Court. As the District Court stated: "At its heart, this lawsuit asks th[e District C]ourt to determine whether defendants have violated plaintiffs' constitutional rights." Dkt. 83 at 16

1

("November 10 Order"). Specifically, this case concerns whether fundamental rights, expressed in due process, equal protection, and public trust principles, protect Plaintiffs from Defendants' knowing historic and ongoing destabilization of our nation's climate system, and the attendant catastrophes and dangers resulting to Plaintiffs therefrom. The District Court properly acknowledged its duty to confront the merits phase of this litigation,[1] rightly recognizing that resolution of cases and controversies – the core duty of the judiciary – and considered appellate review thereof, rest upon sound determinations and findings of fact. As another Circuit wrote in denying a request for early appeal so that the underlying record could be more fully developed:

> The integrity of the appellate process would be compromised if advisory opinions were rendered on hypotheses which evaporated in the light of full factual development. The legal questions should not be considered in the abstract. There must be precision in proof of fact worthy to serve as the premises essential to balance and weigh the legal issues involved.

*Paschal v. Kansas City Star Co.*, 605 F.2d 403, 411 (8th Cir. 1979) (citation omitted); *see also Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F.Supp.2d 1081, 1092 (E.D. Cal. 2008).

To stay proceedings in this important case would deprive this Court of the record necessary for considered appellate review of Plaintiffs' claims, analysis, and

---

[1] "[T]he courts of the United States" are "the ultimate guardians of the Constitution…." *Hannah v. U.S.*, 260 F.2d 723, 728 (D.C. Cir. 1958).

application of the constitutional principles upon which they rest, the climate science upon which they are founded, and the historic and ongoing actions of Defendants, which are harming Plaintiffs' fundamental rights. *See* First Amended Complaint, Dkt. 7 ("FAC"). Such a record will demonstrate the profound urgency and factual basis for the constitutional infringements at issue. To present a single illustrative example, absent a determination of facts and a grant of relief premised on the legal violations established thereby, nine-year-old Plaintiff Levi could lose his home in Satellite Beach, FL and his family's property in nearby Indiatlantic to sea level rise.[2] *Id.* at ¶¶ 81, 84; Decl. of Levi D., Dkt. 41-7; Decl. of Dr. James E. Hansen, Dkt, 7-1 at ¶ 42. In their Answer, Dkt. 98, Defendants admit, among other significant facts, that scientific assessments project sea level rise of .26 meters to 2 meters by the end of the next century and that sea level rise will lead to increases in flooding and other damages in coastal communities, like Levi D.'s. ¶ 214.[3]

In contrast to the irreversible catastrophic harms Plaintiffs face, Defendants fail to provide evidence establishing any of the considerations necessary to justify a stay of proceedings, as is their burden. It is clear the District Court committed no

---

[2] Since Plaintiffs filed their FAC, Levi and his mother moved to Satellite Beach from Indiatlantic. These towns are approximately six miles apart on the barrier island separating the Atlantic Ocean from the Indian River. See Dkt. 7 at ¶ 81, 84.
[3] Federal Defendants admit a significant number of Plaintiffs' alleged facts. See Dkt. 98 at e.g. ¶¶ 1, 5, 7, 150, 151, 207, 208, 218, 260. see also Dkt. 146 at 2-4 (District Court setting forth "non-exclusive sampling" of significant admissions in Defendants' Answer to the FAC).

error. The arguments underlying Defendants' Motions to Dismiss were considered by two senior and respected judges a total of four times. As the District Court concluded after thorough and reasoned analyses, and as Plaintiffs have demonstrated in prior briefing, Defendants' Motion to Dismiss is without merit. Their Motions to Stay also were considered and denied by both judges.

Further, Defendants have other means of obtaining their desired relief, if justified, and will not be prejudiced in a way not correctable on appeal. Defendants have not sought a protective order as to any discovery, and the District Court has not compelled any productions of documents or other responses in discovery. The proper method for a mandamus challenge premised on discovery obligations is a petition for a writ directed at an improper discovery order. While this case may implicate unprecedented and alarming *factual* circumstances, the District Court's permitting discovery based on application of the facts alleged to well-established legal principles does not warrant the issuance of a stay.

Finally, Defendants' hollow and inflammatory accusation that the District Court intends to usurp congressional and executive authority misconstrues the relief Plaintiffs request and disregards this case's procedural posture: no determinations of liability have been made nor remedies determined. For all of these reasons, Defendants are not likely to succeed on the merits of their Petition for a Writ of Mandamus ("Petition").

Defendants' Request for Stay fails to demonstrate irreparable injury. At most, they allege supposed "irreparable" harms premised entirely on complying with routine discovery obligations. Notably, Defendants fail to provide *any* affidavits to support the "injuries" claimed, as required under Federal Rule of Appellate Procedure 8(a)(2)(B)(ii). Further, given Defendants' ongoing actions to expand fossil fuel pollution amidst the urgency of the climate crisis, a stay is likely to result in substantial injury to Plaintiffs. Disregarding Fed. R. App. P. 8, Defendants provide no evidentiary support to the contrary. The public interest in orderly resolution of cases and in vindicating important constitutional rights after full factual development favors allowing a district court to consider the record and make factual findings and legal conclusions necessary for later appellate review. Given the lack of evidentiary support, this Court should not stay district court proceedings in this case pending review of the Petition.

## **ARGUMENT**

A stay of proceedings is "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotes, citations omitted). A stay is not granted as "a matter of right, even if irreparable injury might otherwise result to the appellant." *Id.* (quotes, citations omitted). A stay, particularly at this phase in the litigation, is "an intrusion into the ordinary processes of administration and judicial

5

review." *Id.* (quotes, citations omitted). The burden of showing that a stay is warranted "lay[s] heavily" on Defendants. *Landis v. N. Amer. Co.*, 299 U.S. 248, 256 (1936). To stay proceedings, Defendants must satisfy a four-part test:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken*, 556 U.S. at 434. "[I]f there is even a fair possibility that the stay . . . will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quotes, citation omitted).

## I.   DEFENDANTS ARE NOT LIKELY TO SUCCEED ON THE MERITS OF THE PETITION

A party seeking a stay "must show, at a minimum, that she has a *substantial* case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 967, 968 (9th Cir. 2011) (per curiam) (emphasis added). This requires "a *strong* showing of a likelihood of success on the merits" and "requires more than a *mere possibility* that relief will be granted." *Nken*, 556 U.S. at 420 (emphasis added).

"Mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for Dist. Of Columbia*, 124 U.S. 367, 369 (2004) (citation omitted). "[O]nly exceptional circumstances amounting

to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy." *Id.* (quotes, citations omitted). The petitioner bears the burden of showing its "right to issuance of the writ is clear and indisputable." *Id.* (quotes, citations omitted).[4]

The "five guidelines" employed by this Court to determine "whether mandamus is appropriate in a given case" are:

> (1) [W]hether the petitioner has no other means, such as a direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or manifests a persistent disregard of the federal rules;[5] and (5) whether the district court's order raises new and important problems or issues of first impression.

*Perry v. Schwarzenegger*, 599 F.3d 1147, 1156 (9th Cir. 2009) (citation omitted).

## A. The District Court Committed No Clear Error Rejecting Defendants' Motion to Dismiss

"The key factor to be examined" in resolving a petition for a writ of mandamus is whether Defendants meet their burden to "firmly convince[]" this

---

[4] As the Supreme Court reaffirmed: "From the very foundation of our judicial system," the general rule has been that "the whole case and every matter in controversy in it [must be] decided in a single appeal." *McLish v. Roff*, 141 U. S. 661, 665–666 (1891). This final-judgment rule, now codified in [28 U.S.C.] §1291, preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U. S. 368, 374 (1981)." *Microsoft Corp. v. Baker*, 582 U.S. __ (2017) (slip op., at 11-12).

[5] Defendants do not argue the fourth guideline applies.

7

Court that the District Court committed clear error as a matter of law. *Christensen v. U.S. Dist. Court*, 844 F.2d 694, 697 (9th Cir. 1988).[6]

The Petition merely restates deficient arguments on the merits of Defendants' Motion to Dismiss previously and thoroughly considered, analyzed, and rejected four times by two respected judges. *See* Dkt. 68; Dkt. 83; Dkt. 146; Dkt. 172. Judge Aiken's reasoned and thorough opinion, denying the Motion to Dismiss based on Supreme Court and Ninth Circuit precedent, amply demonstrates the absence of any error in the District Court's analysis and conclusions, let alone any error so obvious that it is "'clear' to all." *In re Bundy*, 840 F.3d 1034 (9th Cir. 2016). *See* Dkt. 83. Further, as Plaintiffs demonstrated in prior briefing, *see* Dkt. 133 at 9-25; Dkt. 159 at 22-31, and as the District Court ruled, Dkt. 146; Dkt. 172, there are no "substantial grounds for differences of opinion" as to whether Defendants' arguments warrant dismissal of Plaintiffs' claims. Having failed to show "substantial grounds for disagreement" as to the District Court's conclusions, Defendants' restatement of identical arguments unquestionably fails to show that those conclusions were "clearly erroneous as a matter of law."[7]

---

[6] Mandamus will not issue merely because the petitioner has identified legal error; "[m]andamus, it must be remembered, does not run the gauntlet of reversible errors." *Will v. United States*, 389 U.S. 90, 104 (1967) (quotes, citation omitted).

[7] Plaintiffs will expound upon the propriety of the District Court's conclusions more fully should this Court request a response to the Petition. Plaintiffs believe the Motions Panel should deny the Petition outright.

**B.** **Defendants Have Other Means to Obtain Relief from Discovery and Will Not Be Damaged In Any Way Not Correctable On Appeal**

Defendants premise their claim of prejudice on unsubstantiated and conclusory claims as to the burdens of responding to discovery. However, a petitioner for a writ of mandamus must "have no other means…to obtain the relief requested." *Perry*, 599 F.3d at 1156. Here, Defendants seek a "drastic and extraordinary remedy," *Cheney*, 124 U.S. at 369, in spite of obvious deficiencies in their argument: Defendants have not moved to challenge the propriety of a single discovery request in the District Court, a clear means by which they might "obtain the relief requested." *Perry*, 599 F.3d at 1156. "If discovery in this matter becomes unduly burdensome," Defendants' "remedy is a protective order under Federal Rule of Civil Procedure 26(c).…" *DKS Inc. v. Corp. Bus. Sols., Inc.*, No. 2:15-cv-00132-MCE-DAD, 2015 WL 6951281, at *2 n.2 (E.D. Cal. Nov. 10, 2015).

In all but the most unique and extraordinary circumstances inapplicable here, the proper course for seeking a writ of mandamus premised on discovery burdens is to challenge the *discovery order* under which the alleged burdens arise, not the very existence of the case under which discovery issues. *See, e.g.*, *Cheney*, 542 U.S. at 376 ("Petitioners sought a writ of mandamus…to vacate the discovery orders…."); *S. Cal. Theatre Owners Ass'n v. U.S. Dist Court for Cent. Dist. Of Cal.*, 430 F.2d 955 (9th Cir. 1970) (mandamus challenging discovery order denied

where neither party had taken any steps to secure protective order and there was no indication that protective relief would not be granted); *Perry*, 591 F.3d 1147 (mandamus review of discovery order). Defendants' alleged burdens consist only of the time and effort necessary to respond to discovery. To date, Defendants have not challenged *any* discovery requests, Plaintiffs have not sought to compel any productions, and, accordingly, the District Court has not issued any discovery orders under which Defendants could possibly lack "other means…to obtain the relief requested." As of this point in the case, the parties have used the meet and confer process to resolve discovery disputes and narrow requests. Dkt. 178 at 4, 9, 11-12. Defendants' Petition is premature and fails to meet the strict requirements justifying a writ of mandamus.[8]

Defendants offer conclusory and unsupported speculation that "neither the magistrate judge nor the district court can be expected to rein in" discovery. Pet. at

---

[8] The cases Defendants cite are not to the contrary. In *Medhekar v. U.S. Dist. Court for the N. Dist. Of Cal.*, the petitioners challenged a court order requiring discovery disclosures to proceed. *Medhekar v. U.S. Dist. Court for the N. Dist. Of Cal.*, 99 F.3d 325 (9th Cir. 1996). In *Credit Suisse v. U.S. Dist. Court for the Cent. Dist. Of Cal.*, this Court issued a writ directing dismissal because responding to the discovery request would violate "Swiss banking secrecy and other laws which carry criminal penalties." C*redit Suisse v. U.S. Dist. Court for the Cent. Dist. Of Cal.*, 130 F.3d 1342, 1346 (9th Cir. 1997). Significantly, these burdens arose as a result of a *discovery order* placing the Banks "in the position of having to choose between being in contempt of court for failing to comply with the district court's order, or violating Swiss banking secrecy and penal laws by complying with the order." *Id.* No such discovery orders or extraordinary burdens are present here.

36. In doing so, they mischaracterize Plaintiffs' discovery requests and ignore Plaintiffs' clear efforts to narrow discovery, accommodate Defendants' concerns, and move this litigation to a prompt resolution. Pet. at 36. *See e.g,* Dkt. 179 at 12:23 – 13: 12, 14:7-11; Dkt. 151-2.

As reflected in the monthly status conferences before Magistrate Judge Coffin, and during the parties' regular conferral meetings, counsel for Plaintiffs are consistently working with counsel for Defendants and the District Court to tailor discovery requests as narrowly as possible and to identify the key documents and factual matters necessary to bring this case to a speedy, thorough resolution. In furtherance of that goal, Plaintiffs' counsel committed to work with Defendants to precisely identify documents and topics of discovery with the least burdensome requests and to avoid litigating issues such as executive privilege. *See* Dkt. 159-3 – 159-6; Dkt. 179 at 12:23-25, 13:1-6, 36:4-13. Finally, Defendants' characterization of their discovery burdens lacks basis as, to date, Defendants have not produced *any* documents or information in response to any discovery requests nor have they provided Plaintiffs, the District Court, or this Court with evidence detailing the scope of any discovery burden. Dkt. 179 at 4:23-25.

Defendants' premature and improper focus on discovery, unsubstantiated by anything but conclusory statements, obfuscates the genuine issue: Defendants do not challenge any *particular* discovery requests or orders; rather, they challenge

11

the District Court's denial of their Motion to Dismiss and the legal conclusions upon which it is founded. However, they fail to articulate any manner in which that denial or those conclusions will damage or prejudice them "in a way not correctable upon appeal." *Perry*, 599 F.3d at 1156. As in any case, the District Court's conclusions will be appealable upon final judgment under the ordinary, preferred avenue of appellate review.

### C. That This Case Involves the Application of Novel Facts to Established Principles of Law Does Not Warrant Mandamus

Defendants erroneously contend mandamus is warranted, claiming, without support, that the November 10 Order "raises new and important problems and issues of first impression." Pet. at 37. Defendants cite no authority to support this proposition.[9] As the District Court noted, while this case may involve novel factual circumstances of an unprecedentedly urgent nature, the legal principles underlying Plaintiffs' claims are well-established. "The facts in this case, though novel, are amenable to those well-established standards." Dkt. 83 at 13. Further, even were this Court to "assume that the [November 10 Order] raise[s] 'new and important problems and issues of first impression,' review of those issues now would be

---

[9] Defendants falsely characterize and misquote the November 10 Order's contents, asserting the District Court "conceded that its ruling was 'unprecedented'…." Pet. at 37. The District Court made no such concession, stating only that *Defendants* "contend a decision recognizing plaintiffs' [claims]…would be unprecedented…." ECF 83 at 52.

unwise and premature." *Bauman v. United States*, 557 F.2d 650, 661-62 (9th Cir. 1977). This Court does not yet have the necessary factual record to undertake a considered appellate review of the November 10 Order's conclusions. *See e.g. Plata v. Schwarzenegger*, 560 F.3d 976, 983 (9th Cir. 2009) (mandamus "would be premature" where this Court was presented "with an insufficient record to determine" the issues). A stay of the proceedings in the midst of factual record development would not be appropriate.

### D. Defendants' Inflammatory Allegations of Intent to Usurp Congressional and Executive Power Do Not Warrant Mandamus

Defendants' inflammatory accusation that the District Court intends to "usurp the power of Congress….the authority of the President..and of…federal agencies" betrays a profound disrespect for the judiciary consistent with their previous filings. Pet. at 31; *see also* Dkt. 172 at 3 (District Court addressing "Defendants' threat to run directly to the Ninth Circuit if th[e District Court did] not abide by a unilaterally imposed 'deadline'"); Dkt. 171 at 2. As the Supreme Court recognized in *Cohens v. Virginia*, the judiciary has "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution." *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821). Consistent with that principle, the District Court properly recognized that this case, "at its heart," intimately implicates the courts'

role as the final arbiter and ultimate guardian of constitutional rights and is therefore "squarely within the purview of the judiciary." Dkt 83 at 16.

Moreover, the accusation rests upon a deep misunderstanding of the relief Plaintiffs request. Plaintiffs ask not for the District Court to "determine national policy regarding energy development, use of public lands, and environmental protection," Pet. at 31, but only an order directing Defendants to desist from and remedy the violations of their rights under the Constitution and Public Trust Doctrine. The contents and contours of that remedy, and the policies by which to effectuate it, would be left to Defendants, not unlike *Brown v. Plata*, 563 U.S. 493 (2011). Dkt. 7 at 94-95 ¶¶ 1-9; Dkt. 83 at 12 ("Plaintiffs do not seek to have this Court direct any individual agency to issue or enforce any particular regulation.")

None of the cases Defendants cite supports their baseless accusation. To the contrary, these cases stand for the general proposition that supervisory mandamus may be appropriate, if at all, over matters which do not affect the substantive rights of the parties. *See In re Cement Antitrust Litig.*, 688 F.2d 1297 (9th Cir. 1982) (denying supervisory mandamus in challenge to recusal of trial judge); *LaBuy v. Howes Leather Co.*, 352 U.S. 249 (1957) (supervisory mandamus review appropriate over district court judge's referral of issue to master); *Perry*, 591 F.3d 1147 (supervisory mandamus review warranted over intervenors' challenge to

discovery order). In clear contrast, mandamus review of the November 10 Order would indisputably concern Plaintiffs' substantive rights and claims.

Finally, Defendants provide no support for the proposition that the alleged usurpation of power would not be correctable upon appeal. Any remedy issued in this case upon final judgment would unquestionably be subject to appeal. For all of the foregoing reasons, Defendants have failed to meet their burden of showing a likelihood of success on the merits of their Petition.

## II.   <u>DEFENDANTS HAVE NOT SHOWN IRREPARABLE INJURY</u>

An applicant for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255; *Leiva-Perez*, 640 F.3d at 968 (applicant must "show that irreparable injury is the more probable or likely outcome."). A stay of proceedings is "not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken*, 556 U.S. at 427.

Defendants fail to submit *any* factual support for the injuries they assert. Despite the clear requirement that a motion for stay include "affidavits or other sworn statements supporting facts subject to dispute," Defendants present *no* affirmative evidence of how they would be harmed by responding to discovery. Pet. at 38; Fed. R. App. P. 8(a)(2)(B)(ii). Thus, their unsupported claim of harm is

insufficient to establish irreparable injury for purposes of a stay. *See e.g., Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."); *E.E.O.C. v. Recruit U.S.A., Inc.*, 939 F.2d 746 (9th Cir. 1991) (defendant would not be irreparably harmed if forced to participate in discovery pending appeal).[10] Similarly, "[m]any courts . . . have concluded that incurring litigation expenses does not amount to an irreparable harm." *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10–CV–01189–LHK, 2011 WL 2293221, at *4 (N.D. Cal. 2011); *Sample v. Brookdale Senior Living Cmtys., Inc.*, No. C11-5844 RJB, 2012 WL 195175, at *2 (W.D. Wash. Jan. 23, 2012) (same).

Contrary to Defendants' unsupported characterizations, discovery will not be unduly burdensome, as Plaintiffs demonstrated above. Even were discovery to impose an undue burden, Defendants' "remedy is a protective order under Federal Rule of Civil Procedure 26(c)…" *DKS Inc.*, 2015 WL 6951281, at *2 n.2.

---

[10] *See also Castaneda v. Molinar*, No. CV 07-07241 DDP (JCx), 2008 WL 9449576, at *4 (C.D. Cal. May 20, 2008) ("The Court acknowledges that discovery can be burdensome. However, such a burden, while regrettable, does not constitute an irreparable injury."); *DKS Inc.*, 2015 WL 6951281, at *2 ("CBS' conclusory contention that Plaintiff has made 'crippling demands for voluminous discovery' is not enough to make a strong showing of irreparable harm."); *Lam v. City of San Francisco*, No. 10-cv-4641-PJH (N.D. Cal. July 22, 2015) ("The only 'injury' that would result from denial of a stay would be the requirement of plaintiffs' participation in the discovery process….").

### III. PLAINTIFFS WILL SUFFER SUBSTANTIAL INJURY BY A STAY

Even if this Court finds Defendants have shown irreparable injury absent a stay, it must "'balance the interests of all parties and weigh the damage to each.'" *Guy v. County of Hawaii*, No. 14-00400 SOM/KSC, 2014 WL 4702289, at * 5 (D. Haw. Sept. 19, 2004) (quoting *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980)). For this factor, this Court considers whether "issuance of the stay will substantially injure the other parties interested in the proceeding." *Nken*, 556 U.S. at 434.

Defendants cite no evidentiary support or legal authority to substantiate their claim that emissions attributable to Defendants during resolution of the Petition "are plainly *de minimis* and not a source of irreparable[11] harm." Pet. at 39. Here again, Defendants fail to abide by the mandates of the federal rules governing a motion for stay, which explicitly require "affidavits or other sworn statements supporting facts subject to dispute." Fed. R. App. P. 8(a)(2)(B)(ii).

Notably, Defendants' admissions in their Answer to the FAC directly contradict the claim that Plaintiffs will suffer no substantial harm. Defendants admit, among other significant facts:

---

[11] Defendants obfuscate the standard: While the four-factor stay analysis requires Defendants to show that they will suffer "*irreparable* injury" absent a stay, as to the harm to Plaintiffs, Defendants must show that "issuance of the stay will [not] substantially injure the other parties interested in the proceeding." *Nken*, 556 U.S. at 434 (emphasis added).

17

[T]hat current and projected atmospheric concentrations of…GHGs, including $CO_2$, threaten the public health and welfare of current and future generations, and thus will mount over time as GHGs continue to accumulate in the atmosphere and result in ever greater rates of climate change.

Dkt. 98 at ¶ 213. Defendants admit that United States' emissions comprise "more than 25 percent of cumulative global $CO_2$ emissions," that "'business as usual' $CO_2$ emissions" imperil Plaintiffs with "dangerous and unacceptable economic, social, and environmental risks," that "the use of fossil fuels is a major source of these emissions, placing our nation on an increasingly costly, insecure, and environmentally dangerous path," and that they "permit, authorize, and subsidize fossil fuel extraction, development, consumption, and exportation." *Id.* at ¶¶ 7, 150, 151; *see also* Dkt. 146 at 2-4 (District Court setting forth "non-exclusive sampling" of significant admissions in Defendants' Answer to the FAC).[12]

Furthermore, Defendants continue to violate Plaintiffs' rights. The continuing violations which would result from a stay establish irreparable injury

---

[12] The best available climate science further illustrates that even a modest delay in resolution of Plaintiffs' claims could substantially injure Plaintiffs. Atmospheric $CO_2$ concentrations are already well above the level necessary to maintain a safe and stable climate system, dangerous consequences of climate change are already occurring, $CO_2$ emissions persist for hundreds of years affecting the climate system for millennia, impacts such as sea level rise register non-linearly, and additional emissions could exceed irretrievable climate system tipping points. *See* Decl. of Dr. James E Hansen, Dkt, 7-1. Absent rapid emissions abatement, sea levels could rise by as much as fifteen meters, with dire consequences to Plaintiffs such as Levi D. *Id.* at ¶ 42.

per the constitutional nature of Plaintiffs' claims. "An alleged constitutional infringement will often alone constitute irreparable harm." *Goldie's Bookstore, Inc. v. Superior Court of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984). In this Circuit, "the balance of equities favor[s] preventing the violation of a party's constitutional rights." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014). Likewise, the irreparable character of environmental injury is well established: "Environmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, *i.e.*, irreparable." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545 (1987).[13]

## IV.   **THE PUBLIC INTEREST COUNSELS DENYING THE STAY**

Defendants have failed to establish that "the public interest does not weigh heavily against a stay." *Leiva-Perez*, 640 F.3d at 967.[14] The public interest is served by allowing Plaintiffs to vindicate constitutional violations. *Rodriguez v. Robbins*, 715 F.3d 1127, 1146 (9th Cir. 2013) (quoting *Preminger v. Principi*, 422

---

[13] Plaintiffs are likely to suffer further substantial injury because their ability to obtain evidence may be compromised with memory issues, changes in Defendants' practices and facilities, or destruction of physical evidence. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *E.E.O.C.*, 939 F.3d at 749-50. Further, delay in discovery itself constitutes harm. *Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 WL 2221076, at *4 (N.D. Cal., Aug. 2, 2007). *See also* Dkt. 165 at 12 (Pl.'s prior briefing on harm from delay of discovery and destruction of evidence).
[14] Here again disregarding the requirements of Fed. R. App. P. 8, Defendants offer no affidavits or other evidentiary support for their claim that discovery would "divert substantial resources" from their "essential function[s]." Pet. at 39.

F.3d 815, 826 (9th Cir. 2005)) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."); *Vayeghan v. Kelly*, No. cv 17-0702, 2017 WL 396531, at *1 (C.D. Cal. Jan. 29, 2017) ("The Court must consider the public interest in upholding constitutional rights."); *Castaneda*, 2008 WL 9449576, at *4 ("The Court finds that the public interest weighs in favor of denying the stay. This case involves allegations that, if true, reveal serious infringements of fundamental constitutional rights. Accordingly, the public interest favors allowing the plaintiff to proceed absent a compelling reason to the contrary.").

The separation of powers principles argued by Defendants counsel this Court to deny the Petition. When the political branches fail to protect the constitutional rights of citizens, particularly those too young to vote, and actively infringe upon those rights, the separation of powers doctrine directs the judiciary to fulfill its duty to serve as a check and balance on the other branches of government to safeguard constitutional liberty. *Marbury v. Madison*, 5 (U.S. 1 Cranch) 137, 163 (1803). Here, the public interest clearly lies in allowing this case to proceed. Defendants fail to establish any of the criteria justifying a stay of proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendants' Request for a Stay of Proceedings in the District Court.

DATED this 19th day of June, 2017, at Burlingame, CA.

Respectfully submitted,

*/s/ Philip L. Gregory*
PHILIP L. GREGORY (CSB No. 95217)
pgregory@cpmlegal.com
**COTCHET, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010

JULIA OLSON (OR Bar 062230)
JuliaAOlson@gmail.com
**WILD EARTH ADVOCATES**
1216 Lincoln St.
Eugene, OR 97401

DANIEL M. GALPERN (OR Bar 061950)
dan.galpern@gmail.com
**LAW OFFICES OF DANIEL M. GALPERN**
2495 Hilyard Street, Suite A
Eugene, OR 97405

*Attorneys for Real Parties In Interest*

## <u>STATEMENT OF RELATED CASES</u>

To the best of our knowledge, there are no related cases.

Dated: June 19th, 2017                 Respectfully Submitted,

_/s/ Philip L. Gregory_

PHILIP L. GREGORY (CSB No. 95217)
pgregory@cpmlegal.com
**COTCHET, PITRE & McCARTHY,
LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

22

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I certify that the attached brief is proportionally spaced, has a typeface of 14 points or more, and contains 5,129 words (based on the word processing system used to prepare the brief).

Dated:        June 19th, 2017

/s/ Philip L. Gregory

PHILIP L. GREGORY (CSB No. 95217)
pgregory@cpmlegal.com
**COTCHET, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

# ADDENDUM

### ADDENDUM TABLE OF CONTENTS

## FEDERAL:

**28 U.S.C. §1291**…………………………………………...…………....…A-2

**Federal Rules of Appellate Procedure, Rule 8**……………….…………..A-2

**Federal Rules of Civil Procedure Rule 26**…………………………...…A-3

**Federal Rules of Civil Procedure Rule 26.1**…………………………A-15

**Circuit Rule 28-2.7**……………………………………………….…A-16

## Relevant Statutory Provisions

**FEDERAL:**

### 28 U.S.C. § 1291 – Final Decisions of District Courts

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

### Federal Rules of Appellate Procedure, Rule 8 – Stay or Injunction Pending Appeal

(a) Motion for Stay.

(1) Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:

(A) a stay of the judgment or order of a district court pending appeal;

(B) approval of a supersedeas bond; or

(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

(2) Motion in the Court of Appeals; Conditions on Relief. A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.

(A) The motion must:

(i) show that moving first in the district court would be impracticable; or

(ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.

(B) The motion must also include:

(i) the reasons for granting the relief requested and the facts relied on;

(ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and

(iii) relevant parts of the record.

(C) The moving party must give reasonable notice of the motion to all parties.

(D) A motion under this Rule 8(a)(2) must be filed with the circuit clerk and normally will be considered by a panel of the court. But in an exceptional case in which time requirements make that procedure impracticable, the motion may be made to and considered by a single judge.

(E) The court may condition relief on a party's filing a bond or other appropriate security in the district court.

(b) Proceeding Against a Surety. If a party gives security in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits to the jurisdiction of the district court and irrevocably appoints the district clerk as the surety's agent on whom any papers affecting the surety's liability on the bond or undertaking may be served. On motion, a surety's liability may be enforced in the district court without the necessity of an independent action. The motion and any notice that the district court prescribes may be served on the district clerk, who must promptly mail a copy to each surety whose address is known.

(c) Stay in a Criminal Case. Rule 38 of the Federal Rules of Criminal Procedure governs a stay in a criminal case.

**Federal Rules of Civil Procedure, Rule 26** – Duty to Disclose; General Provisions Governing Discovery

(a) Required Disclosures.

(1) Initial Disclosure.

(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party-- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(B) Proceedings Exempt from Initial Disclosure. The following proceedings are exempt from initial disclosure:

(i) an action for review on an administrative record;

(ii) a forfeiture action in rem arising from a federal statute;

(iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

(iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

(v) an action to enforce or quash an administrative summons or subpoena;

(vi) an action by the United States to recover benefit payments;

(vii) an action by the United States to collect on a student loan guaranteed by the United States;

(viii) a proceeding ancillary to a proceeding in another court; and

(ix) an action to enforce an arbitration award.

(C) Time for Initial Disclosures--In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f)conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

(D) Time for Initial Disclosures--For Parties Served or Joined Later. A party that is first served or otherwise joined after the Rule 26(f)conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

(E) Basis for Initial Disclosure; Unacceptable Excuses. A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

(2) Disclosure of Expert Testimony.

(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-- prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

(D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

(E) Supplementing the Disclosure. The parties must supplement these disclosures when required under Rule 26(e).

(3) Pretrial Disclosures.

(A) In General. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

(i) the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;

(ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

(iii) an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.

(B) Time for Pretrial Disclosures; Objections. Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made--except for one under Federal Rule of Evidence 402 or 403-- is waived unless excused by the court for good cause.

(4) Form of Disclosures. Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

(b) Discovery Scope and Limits.

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(2) Limitations on Frequency and Extent.

(A) When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

(B) Specific Limitations on Electronically Stored Information. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

(3) Trial Preparation: Materials.

(A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

(B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

(C) Previous Statement. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5)applies to the award of expenses. A previous statement is either:

(i) a written statement that the person has signed or otherwise adopted or approved; or

(ii) a contemporaneous stenographic, mechanical, electrical, or other recording--or a transcription of it--that recites substantially verbatim the person's oral statement.

(4) Trial Preparation: Experts.

(A) Deposition of an Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

(B) Trial-Preparation Protection for Draft Reports or Disclosures. Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

(C) Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses. Rules 26(b)(3)(A) and (B)protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

(i) relate to compensation for the expert's study or testimony;

(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

(D) Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(i) as provided in Rule 35(b); or

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

(E) Payment. Unless manifest injustice would result, the court must require that the party seeking discovery:

(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

(ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

(5) Claiming Privilege or Protecting Trial-Preparation Materials.

(A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(B) Information Produced. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

(c) Protective Orders.

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

(2) Ordering Discovery. If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

(3) Awarding Expenses. Rule 37(a)(5) applies to the award of expenses.

(d) Timing and Sequence of Discovery.

(1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

(2) Early Rule 34 Requests.

(A) Time to Deliver. More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

(i) to that party by any other party, and

(ii) by that party to any plaintiff or to any other party that has been served.

(B) When Considered Served. The request is considered to have been served at the first Rule 26(f) conference.

(3) Sequence. Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

(A) methods of discovery may be used in any sequence; and

(B) discovery by one party does not require any other party to delay its discovery.
(e) Supplementing Disclosures and Responses.

(1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

(2) Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

(f) Conference of the Parties; Planning for Discovery.

(1) Conference Timing. Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

(2) Conference Content; Parties' Responsibilities. In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

(3) Discovery Plan. A discovery plan must state the parties' views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

(D) any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and (F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

(4) Expedited Schedule. If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

(A) require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

(B) require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

(g) Signing Disclosures and Discovery Requests, Responses, and Objections.

(1) Signature Required; Effect of Signature. Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A) with respect to a disclosure, it is complete and correct as of the time it is made; and

(B) with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

(2) Failure to Sign. Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

(3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

**Federal Rules of Civil Procedure, Rule 26.1** – Corporate Disclosure Statement

(a) Who Must File. Any nongovernmental corporate party to a proceeding in a court of appeals must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

(b) Time for Filing; Supplemental Filing. A party must file the Rule 26.1(a) statement with the principal brief or upon filing a motion, response, petition, or answer in the court of appeals, whichever occurs first, unless a local rule requires earlier filing. Even if the statement has already been filed, the party's principal brief must include the statement before the table of contents. A party must supplement its statement whenever the information that must be disclosed under Rule 26.1(a) changes.

(c) Number of Copies. If the Rule 26.1(a) statement is filed before the principal brief, or if a supplemental statement is filed, the party must file an original and 3 copies unless the court requires a different number by local rule or by order in a particular case.

**Circuit Rule 28-2.7** – Addendum to Briefs

Statutory**.** Pertinent constitutional provisions, treaties, statutes, ordinances, regulations or rules must be set forth verbatim and with appropriate citation either (1) following the statement of issues presented for review or (2) in an addendum introduced by a table of contents and bound with the brief or separately; in the latter case, a statement must appear referencing the addendum after the statement of issues. If this material is included in an addendum bound with the brief, the addendum must be separated from the body of the brief (and from any other addendum) by a distinctively colored page. A party need not resubmit material included with a previous brief or addendum; if it is not repeated, a statement must appear under this heading as follows: [e]xcept for the following, all applicable statutes, etc., are contained in the brief or addendum of _____.

Orders Challenged in Immigration Cases. All opening briefs filed in counseled petitions for review of immigration cases must include an addendum comprised of the orders being challenged, including any orders of the immigration court and Board of Immigration Appeals. The addendum shall be bound with the brief but separated from the brief by a distinctively colored page.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 19, 2017, I electronically filed the foregoing

RESPONSE BRIEF OF REAL PARTIES IN INTEREST TO REQUEST FOR

STAY OF PROCEEDINGS IN DISTRICT COURT with the Clerk of the Court

for the United States Court of Appeals for the Ninth Circuit by using the appellate

CM/ECF system. In addition, a courtesy copy of the foregoing document has been

provided via e-mail to the following participants:


David C. Shilton
**Appellate Section**
**Environment & Natural Res. Div.**
**U.S. Department of Justice**
P.O. Box 7415
Washington, DC 20044
david.shilton@usdoj.gov

*Attorneys for Appellants*


Sean C. Duffy
Frank Singer
Marissa Piropato
**U.S. Department of Justice**
**Environment & Natural Resources Division**
**Natural Resources Section**
601 D Street NW
Washington, DC 20004
sean.c.duffy@usdoj.gov
frank.singer@usdoj.gov
marissa.piropato@usdoj.gov

*Attorneys for Federal Defendants*

C. Marie Eckert
Suzanne C. Lacampagne
**MILLER NASH GRAHAM & DUNN LLP**
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
marie.eckert@millernash
suzanne.lacampagne@millernash.com

Mark D. Hopson
Frank R. Volpe
Benjamin E. Tannen
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, D.C. 20005
mhopson@sidley.com
fvolpe@sidley.com
btannen@sidley.com

*Attorneys for Intervenor-Defendants*

Julia A. Olson
**Wild Earth Advocates**
1216 Lincoln Street
Eugene, OR 97401
juliaaolson@gmail.com

Daniel M. Galpern
**Law Offices of Daniel M. Galpern**
1641 Oak Street
Eugene, OR 97401
dan.galpern@gmail.com

*Attorneys for Plaintiffs*

In addition, a courtesy copy of the foregoing document has been provided

via First-Class Mail to the following participants:

ATTN: Hon. Magistrate Judge Coffin
**United States District Court, District of Oregon**
Wayne L. Morse United States Courthouse, Room 5300
405 East Eighth Avenue
Eugene, OR 97401

ATTN: Hon. District Judge Aiken
**United States District Court, District of Oregon**
Wayne L. Morse United States Courthouse, Room 5500
405 East Eighth Avenue
Eugene, OR 97401

*United States District Court Judges*

*/s/ Joanna Jiang*
Joanna Jiang