

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

August 25, 2017

Re: *United States v. United States District Court for the District of Oregon*
Case No. 17-71692

Pursuant to the Ninth Circuit's invitation and Federal Rule of Appellate Procedure 21(b)(4), the District Court respectfully submits this letter in response to the United States' mandamus petition. We appreciate this opportunity to provide information about how we are managing this unusual case.

The Ninth Circuit has established five factors to consider in deciding whether to invoke the "extraordinary" remedy of mandamus. *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010). Those factors require the appellate court to consider whether (1) the party seeking the writ has "no other adequate means, such as direct appeal, to attain the relief he or she desires"; (2) the petitioner "will be damaged or prejudiced in a way not correctable on appeal" if the writ does not issue; (3) the district court's order is "clearly erroneous as a matter of law"; (4) the district court's order is an "oft-repeated error" or "manifests a persistent disregard of the federal rules"; and (5) the district court's order "raises new and important problems, or issues of law of first impression." *Bauman v. United States District Court*, 557 F.2d 650, 654–55 (9th Cir. 1977).

Here, two of those factors are plainly met: the first, that petitioners have no other means to obtain the desired relief, and the fifth, that the district court's order raises new and important issues of first impression. The fourth factor, by contrast, is not present because any error in the denial of the motion to dismiss is not an oft-repeated error.[1] Regarding the third factor, whether the district court has committed clear error, we have nothing to add to the analysis set forth in our previous orders.

In this letter, we focus on the remaining factor: whether the petitioner will be damaged or prejudiced in any way not correctable on appeal. In short, we do not believe that the government will be

---

[1] The government does not appear to contend that the fourth factor is met; that is unsurprising, given that the fourth and fifth factors "are rarely, if ever, present at the same time." *SG Cowen Secs. Corp. v. United States District Court*, 189 F.3d 909, 914 (9th Cir. 1999) (citation omitted).

irreversibly damaged by proceeding to trial. In our view, any error that we may have committed (or may commit in the future) can be corrected through the normal route of a direct appeal following final judgment. Indeed, we believe that permitting this case to proceed to trial will produce better results on appeal by distilling the legal and factual questions that can only emerge from a fully developed record.

This is a complex case involving vital interests on both sides. On one hand, plaintiffs allege that the United States has violated—and is continuing to violate—their constitutional rights, despite clear evidence that the government's actions are causing serious harm. On the other hand, the government raises important considerations regarding the separation of powers and the appropriate role of the courts. Our discovery and trial management plan gives due weight to each of these considerations.

*First*, we agree that discovery in this case can and should be narrowed from its current scope. During status conferences, Judge Coffin has repeatedly remarked on the breadth of plaintiffs' discovery requests and has encouraged plaintiffs to narrow those requests, questioning the utility of, for example, production of documents going back to the Johnson Administration. We note, however, that the scope of plaintiffs' discovery requests stemmed, in part, from the former intervenors' broad denial of all allegations in the complaint. The intervenors' exit from the case should pave the way for plaintiffs to winnow their discovery requests substantially.

We are hopeful that the talented attorneys on both sides will be able to resolve any remaining discovery disputes through conferral. Should the parties reach an impasse, this Court stands ready to rule on any discovery dispute they may have. The government asserts that "[n]either the magistrate judge nor the district court can be expected to rein in this improper discovery." Mot. Writ Mandamus 36. But the government has not brought a single substantive discovery dispute to the Court for resolution.[2] The absence of any allegedly objectionable discovery rulings stands in stark contrast to the typical case in which the Ninth Circuit concludes mandamus is warranted. *See, e.g., Perry*, 591 F.3d at 1157–58 (awarding mandamus to correct the district court's denial of a protective order because "the disclosure itself" in the absence of such an order would violate petitioners' First Amendment rights and chill association and political expression generally); *Credit Suisse v. United States District Court*, 130 F.3d 1342, 1346 (9th Cir. 1997) ("The district court's order compelling the Banks to respond to the

---

[2] The parties have only asked the Court to resolve disputes about the *timing* of discovery. When faced with such disputes, Judge Coffin generally has struck a balance between the parties' positions.

2

discovery requests therefore places the Banks in the position of having to choose between being in contempt of court . . . or . . . violating Swiss law[.]").

*Second*, as Judge Coffin has explained to the parties, we plan to hold a bifurcated trial. The trial's first phase will focus on liability, including a reexamination of the causation and redressability arguments raised in the government's motion to dismiss. If in this first phase the plaintiffs carry their burden to prove that they have standing to sue and that the government is liable on at least one of their claims, the trial will then proceed to the remedial phase. This bifurcated approach will permit counsel and the Court to first concentrate on the factual complexity of the liability phase, then turn to the difficult separation of powers questions that would be posed should this case proceed to the remedy phase.

Collectively, we have more than fifty years of experience on the bench. We have managed countless complex lawsuits and have recognized from the beginning that this action raises special and significant concerns regarding the appropriate role of the courts in protecting constitutional rights. We are managing this case mindful of those concerns. In our view, permitting this case to proceed through the usual process of trial and appeal will present the Ninth Circuit with a superior record to review, facilitating better decisionmaking on these novel and vitally important issues.

_____
Ann Aiken
U.S. District Court Judge

_____
Thomas Coffin
U.S. Magistrate Judge

3